UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| MATTHEW C. KURTENBACH, | ) | CIV. 12-5077-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DETERMINING *IN* |
| | ) | *FORMA PAUPERIS* STATUS |
| LEANN BERTSCH, | ) | AND ORDER DISMISSING |
| STEVE FOSTER, | ) | CASE |
| JOSH BEARFIELD, | ) | |
| CATHY JENSEN, | ) | |
| DENNIS KAEMINGK, | ) | |
| RICK LESLIE, | ) | |
| MELINDA JOHNSON, | ) | |
| ROBERT LAMPERT, | ) | |
| CARL VOIGTBERGER, | ) | |
| KYA GALLO, and | ) | |
| MELODY NORRIS, | ) | |
| | ) | |
| Defendants. | ) | |

On March 8, 2013, plaintiff Matthew C. Kurtenbach, a prisoner in the custody of the State of Wyoming appearing *pro se*, filed an amended complaint (1) pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 asserting various violations of his civil rights and (2) pursuant to 28 U.S.C. §§ 2201 and 2202 seeking declaratory relief relating to the length of an unexpired Wyoming state court sentence. (Docket 14). Mr. Kurtenbach also filed a motion for leave to proceed *in forma pauperis*. (Docket 3).

Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act (PLRA), governs proceedings filed *in forma*

*pauperis*. When a prisoner files a civil action *in forma pauperis*, the PLRA requires a prisoner to pay an initial partial filing fee when possible. See 28 U.S.C. § 1915(b)(1). The initial partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id. In support of his motion, Mr. Kurtenbach provided a copy of his prisoner trust account report signed by an authorized prison official. (Docket 4). In his motion, Mr. Kurtenbach declares he has no assets or income of any kind and has existing financial obligations for three minor children which are not being paid at this time because of his incarceration. Based on these representations, the court finds Mr. Kurtenbach is indigent and qualifies for *in forma pauperis* status. This finding does not discharge the $350 filing fee, but rather allows a prisoner the opportunity to pay the filing fee in installments. See 28 U.S.C. § 1915(b) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.").

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the court must review a complaint and identify cognizable claims or dismiss the complaint if it is

2

frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted under § 1915(e) "if construing the allegations in the light most favorable to the plaintiff it appears beyond doubt that the plaintiff cannot prove any set of facts which would entitle him to relief." Goodroad v. Bloomberg, 129 F.3d 121 at *1 (8th Cir. 1997) (unpublished table opinion).

"In general, exhaustion of state remedies 'is *not* a prerequisite to an action under § 1983,' . . . even an action by a state prisoner . . . ." Heck v. Humphrey, 512 U.S. 477, 480 (1994) (citing Patsy v. Board of Regents of Florida., 457 U.S. 496, 501 & 509 (1982) (emphasis in original). However, a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the . . . duration of his confinement and seeks immediate or speedier release, even though such a

3

claim may come within the literal terms of § 1983." Id. at 481 (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)). "Preiser did *not* create an exception to the 'no exhaustion' rule of § 1983; it merely held that certain claims by state prisoners are not *cognizable* under that provision, and must be brought in habeas corpus proceedings, which do contain an exhaustion requirement." Id. (emphasis in original). In Heck, the court held:

> [I]n order to recover damages for allegedly unconstitutional . . . imprisonment . . . a § 1983 plaintiff must prove that the . . . sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a . . . sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his . . . sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the . . . sentence has already been invalidated.

Id. at 486-87 (referencing 28 U.S.C. § 2254) (emphasis in original).

By his complaint, Mr. Kurtenbach asserts he sought relief regarding the consecutive-concurrent sentence issue (which is the crux of his complaint) before the Wyoming Medium Correctional Facility as a grievance, but the facility concluded his claim was not a grievable issue. (Docket 1 at p. 13). However, there is no assertion that he sought relief and prevailed on the sentencing issue before the United States District Court for the District of Wyoming which imposed the original sentence, from the Wyoming

4

Supreme Court on direct appeal, or by habeas corpus relief from the same district court. Despite failing to exhaust these remedies regarding the length of his Wyoming sentence, Mr. Kurtenback in the present action seeks money damages for his "incarceration beyond February 22, 2013 (the date that all of his sentences should have expired)." Id. at p. 16. "The plain language of the complaint demonstrates [Mr. Kurtenbach] is challenging the duration of his confinement, i.e., if he were to prevail in his section 1983 suit, the result would necessarily imply the invalidity of his continued confinement." Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995).

The United States Supreme Court has made clear "[w]e do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the . . . sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck, 512 U.S. at 489. Dismissal of the complaint without prejudice for failure to state a claim is the only proper result. Heck, 512 U.S. at 489; see also Schafer, 46 F.3d at 45 ("under Heck, 42 U.S.C. § 1983 [is] unavailable for claims of unconstitutional deprivations of good time credits . . . . dismissal to be without prejudice so that Shafer can refile his complaint should he succeed in challenging the legality of his continued confinement through appropriate state or federal remedies . . . .");

5

Gautreaux v. Sanders, 395 Fed. Appx. 311, 312 (8th Cir. 2010) ("dismissal of Heck-barred claim should be without prejudice so plaintiff can refile if he satisfies Heck requirement . . . .") (citing Shafer, 46 F.3d at 45).

Accordingly, it is hereby

ORDERED that Mr. Kurtenbach's motion for leave to proceed *in forma pauperis* (Docket 3) is granted.

IT IS FURTHER ORDERED that the amended complaint (Docket 14) is dismissed without prejudice.

IT IS FURTHER ORDERED that Mr. Kurtenbach's motions seeking a ruling in this case (Dockets 10, 11, 12, 13, 15 & 16) are denied as moot.

Dated May 8, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE